UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVIS HEFFLEY,

               Plaintiff,

      -against-

FCI OTISVILLE,

               Defendant.

18-CV-1630 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff brought this action *pro se* while he was a prisoner at FCI Otisville. The Court dismissed this action in 2018, on the grounds that the complaint failed to state a claim on which relief can be granted and named a defendant who is immune from suit. Nearly three years later, the Court received Plaintiff's application, styled as a "Motion to Waive Filing Fees." (ECF 10.) Plaintiff asks the Court stop making deductions from his prisoner account for the filing fees for this action.[1] He argues that his actions were not dismissed as frivolous or malicious, and that the "fees at this time are too expensive in relation to the amount he receives each month." (*Id.*) For the following reasons, the Court denies Plaintiff's request.

    The Court lacks discretion to waive the collection of the filing fees in this case. A prisoner who "brings a civil action or files an appeal *in forma pauperis* [is] *required* to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added); *see also Bruce v. Samuels*, 577 U.S. 82, 85 (2016) ("Congress required prisoners to pay filing fees for the suits or appeals they launch."). Prisoners granted *in forma pauperis* (IFP) status are permitted to proceed without prepaying, at the time of filing the complaint, the entire $350.00 filing fee, which is instead

---

[1] Plaintiff also filed similar motions in other closed cases, which were denied. *See, e.g., Heffley v. Federal Bureau of Prisons*, ECF 1:17-CV-10033, 12 (S.D.N.Y. July 13, 2021); *Heffley v. FCI Otisville*, ECF 1: 20-CV-5811, 12 (S.D.N.Y. July 14, 2021).

deducted from the prisoner's account in increments, as set forth in § 1915(b)(1).[2] Moreover, the Supreme Court has construed the IFP statute as requiring "'monthly payments of 20 percent of the preceding month's income' *simultaneously* for each action pursued." *Bruce*, 577 U.S. at 90 (emphasis added).

Plaintiff sought leave to proceed without prepaying the fees in this action. On March 15, 2018, Plaintiff submitted to the Court a signed prisoner authorization, which states: "[B]y signing below, I acknowledge that . . . if I am granted IFP status, the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it." (*Id*.). The prisoner authorization further authorized the agency having custody of Plaintiff to calculate the amounts specified under the IFP statute, to deduct those amounts from Plaintiff's prisoner account, and to disburse those amounts to this Court.

Plaintiff alleges that the fees are "too expensive," but he has not made any argument that the amounts deducted have been improperly calculated. Plaintiff's request to waive continued collection of the filing fees must therefore be denied. *See Leonard v. Lacy*, 88 F.3d 181 (2d Cir. 1996) (obligation to pay filing fees is imposed prior to any assessment of the merits of the complaint).

---

[2] The initial partial filing fee is 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C § 1915(b)(1)(A). The agency having custody of the prisoner is then required to forward payments from the prisoner's account to the Clerk of Court each time the amount in the account exceeds $10, until the filing fees are paid. 28 U.S.C. § 1915(b)(2); *see also* In the Matter of the Prison Litigation Reform Act, Second Amended Standing Order, M10-468 (S.D.N.Y. May 26, 2010) (requiring agencies to calculate and remit the statutory fees for litigants in their custody).

## CONCLUSION

Plaintiff's motion to waive filing fees (ECF 10) is denied. This action remains closed. The Clerk of Court is directed to mail a copy of this order to Plaintiff and to note service on the docket.

Dated:   December 6, 2021
           New York, New York

                                                    *Louis L. Stanton*
                                                      Louis L. Stanton
                                                          U.S.D.J.